## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JACQUELINE THOMPSON**                           **CIVIL ACTION**

**VERSUS**                                                    **NUMBER 06-944-RET-DLD**

**WINN-DIXIE MONTGOMERY, INC., ET AL**

## MAGISTRATE JUDGE'S REPORT

This slip and fall suit is before the court on a motion for summary judgment filed by defendant Winn-Dixie Montgomery, Inc. (Winn-Dixie) (rec. doc. 7).  The motion is opposed (rec. doc. 12).  This Court exercises diversity jurisdiction over this matter based on 28 U.S.C. §1332.

**Factual Background**

On or about August 1, 2005, at 2:30 p.m., plaintiff, Jacqueline Thompson was shopping in Winn-Dixie store #1519 in Walker, Louisiana.  According to the plaintiff's affidavit, she proceeded immediately to the aisle where the accident occurred and shopped on that aisle for five minutes before she slipped and fell on a substance on the floor (rec. doc. 12-2, Exhibit A).  Plaintiff did not observe any other customers on the aisle while she was shopping and did not observe anyone spill anything during the time she was on the aisle. Id.  After getting a loaf of bread at the far end of the aisle, plaintiff proceeded to the vegetable bins to pick up some tomatoes (rec. doc. 12-3, Exhibit B, p. 30).  While proceeding to the vegetable section, plaintiff passed through the floral section and slipped and fell on a puddle of water on the floor upon entering the vegetable section. Id.  Plaintiff explained that she knew the substance on the floor that caused her fall was water because

her clothes were wet after the fall. Id., p. 31.  There were no witnesses to the accident. However, plaintiff testified that after the accident, she saw two Winn-Dixie employees in the back of the store by the deli who did not respond to her cry for help because they did not hear her. Id. at p. 33.  Plaintiff showed Winn-Dixie's co-manager, Chris Clarke, where the accident occurred, and Clarke instructed two of his employees to clean up the substance and stated that "they know better than this."  Id., p. 35.  Clarke testified that when he inspected the area where plaintiff slipped, he noticed an eight inch area that contained about 10-15 dime-sized droplets of water on the floor (rec. doc. 7-7, Exhibit B, p. 12).

There are several water sources in the area where the accident occurred.  The floral area contains plants and flowers that are watered by Winn-Dixie employee Thelma Kelley; however, the plants sit on the floor in plastic discs to catch the water (rec. doc. 7-6, Exhibit B, p.55). Additionally, Ms. Kelley testified that there are rugs in front of the floral cooler to prevent water from dripping on the floor when customers purchase loose flowers from the cooler (rec. doc. 12-5, Exhibit D).  The vegetable bins adjacent to where the accident occurred contain automatic sprayers that spray the produce regularly throughout the day (rec. doc. 7-6, Exhibit B, p. 58).  There are rugs in front of the vegetable bins to collect any water that might fall on the ground when customers pick up produce. Id.  The distance between the vegetable sprayers and the place where the accident occurred is about 10 to 12 feet. Id, at p. 69.

Clarke testified that while Winn-Dixie has a policy of hourly "zone checks" to guard against hazards throughout the day, Winn-Dixie no longer keeps a log of those checks, and Clarke could not say when the aisle was last checked.   (rec. doc 7-7, Exhibit B, pp. 15-17).

When asked when he last walked through the produce section prior to plaintiff's accident, Clark responded, "I couldn't give you a time, not truthfully" (rec. doc. 7-6, Exhibit B, p. 74).

As a result of the injuries sustained in the slip and fall accident, plaintiff brought suit against defendants in the 21st Judicial District Court, Parish of Livingston, State of Louisiana. Defendants immediately removed plaintiff's claims to this Court based on diversity jurisdiction.

### Summary Judgment Standard

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Federal Rule of Civil Procedure 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts" showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). However, summary judgment must be entered against the plaintiff herein, on a properly supported defense motion, if she fails to make an evidentiary showing in her opposition to the motion sufficient to establish the existence of an element essential to its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

**Substantive Law**

Because this matter is before the Court based on diversity jurisdiction, this Court is bound to apply federal procedural law and Louisiana substantive law. *Erie R. Co. V. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).  La. R.S. 9:2800.6 governs a negligence action against a merchant for damages resulting from injuries sustained in a slip and fall accident.  *Kennedy v. Wal-mart Stores, Inc.*, 733 So.2d 1188, 1190 (La. 1999).  Under paragraph A of that statute, a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.  The duty includes a reasonable effort to keep the premises free of any hazardous conditions that reasonably might give rise to damages.  *Id*.

In slip and fall cases governed by this statute, the plaintiff's burden of proof is set forth in paragraph B, which provides as follows:

> B.  In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably forseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care.  In determining reasonable care, the absence of a written or verbal uniform cleanup or

> safety procedure is insufficient, alone, to prove
> failure to exercise reasonable care.

La. R.S. 9:2800.6(B).

With respect to the second element above, *i.e.*, whether defendant had actual or constructive notice of the condition that allegedly caused plaintiff to slip and fall, the definitions section of La. R.S. 9:2800.6 defines constructive notice as follows:

> (C)(1) "Constructive notice" means the claimant
> has proven that the condition existed *for such a
> period of time* that it would have been discovered
> if the merchant had exercised reasonable care.
> The presence of an employee of the merchant in
> the vicinity in which the condition exists does not,
> alone, constitute constructive notice, unless it is
> shown that the employee knew, or in the
> exercise of reasonable care should have known,
> of the condition.

La. R.S. 2800.6(C)(1) (emphasis added).

The Louisiana Supreme Court has held that the phrase "such a period of time," as used in Paragraph C(1), constitutes a temporal element that must be shown by a plaintiff in a slip in fall case. La. R.S. 9:2800.6 does not allow for the inference of constructive notice absent some showing of this temporal element. *Kennedy*, 733 So.2d at 1190, citing *White v. Wal-Mart Stores, Inc.*, 97-0393, (La. 9/9/97), 699 So.2d 1081. A plaintiff must make a positive showing of the existence of the condition prior to the fall. *Id*. The merchant who is sued, on the other hand, is not required to make a positive showing of the absence of the existence of the condition prior to the fall. *Id*.

Although there is no bright line time period relative to the duration of the condition, there is imposed upon the plaintiff "a prerequisite showing of *some* time period." *Kennedy*, 733 So.2d at 1190-1191. (Emphasis added.) The time period need not be specific in

minutes or hours.  However, if a plaintiff merely shows that the condition existed, without any additional showing that it existed for "some" period of time, she has not satisfied her burden of proving constructive notice.  *Id.*

In *Kennedy*, the Supreme Court reversed the judgments of both the trial court and the Third Circuit in favor of plaintiff.  The plaintiff in that case slipped on a puddle of water when he was about three or four feet from the checkout lanes in a Wal-Mart store.  He argued, and the lower courts agreed, that Wal-Mart had constructive notice because it was raining and the water was on the floor just a few feet from the customer service podium.  The Supreme Court disagreed, noting that "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident."  *Id*. at 1191.  He therefore did not carry his burden under La. R.S. 9:2800.6 of proving Wal-Mart's constructive knowledge of the condition.

**Argument of the Parties**

Defendant argues that it is entitled to summary judgment because plaintiff cannot prove all of the elements under La. R.S. 9:2800.6 (rec. doc. 7-2).  Defendant claims that because it does not carry the burden of proof under La. R.S. 9:2800.6 at trial, it must only point out to the court that there is an absence of factual support for one or more elements essential to plaintiff's claim pursuant to La. R.S. 9: 2800.6.  Defendant asserts that the plaintiff has failed to present any evidence that defendant either created or had actual or constructive notice of the water on the floor prior to the fall or that defendant failed to exercise reasonable care.  Specifically, defendant argues that plaintiff has failed through plaintiff's deposition testimony or otherwise to prove that defendant created the alleged substance on the floor or that defendant had actual knowledge of the substance on the

-6-

floor.   Similarly, defendant argues that plaintiff is unable to establish that defendant had constructive notice of the spill because she failed to introduce positive evidence to establish that the substance was on the floor for a specific period of time long enough to place the defendant on notice of its existence.   Finally, defendant argues that plaintiff failed to introduce evidence to prove that defendant failed to exercise reasonable care in properly cleaning its floors or guarding against spills or hazards.

Plaintiff argues that based on the numerous water sources in the area of her fall, it can be inferred that defendant created the water condition in which plaintiff slipped and fell (rec. doc. 12).   Additionally, plaintiff claims that Clarke's testimony that his employees "know better than this" refers to the water on the floor and implies that defendant had actual notice of the condition that created the hazard.   At  the very least, plaintiff argues that defendant had constructive notice of the water on the floor and should have done something to prevent it because she was on the aisle alone for five minutes and observed no one spill anything prior to her fall and witnessed two store employees in the area who failed to clean up the spill prior to her fall (although plaintiff did not see employees until after her fall). Plaintiff claims that she has put on sufficient evidence to prove the temporal element required to prove that defendant had constructive notice by proving that the spill was on the aisle more than five minutes (the time she was on the aisle) but less than thirty minutes (the last time the defendant supposedly performed a standard check of the aisle, according to its policy).   Plaintiff argues that whether the defendant should have discovered the spill, such that constructive knowledge is imputed to the defendant, is a question of fact. Finally, plaintiff argues that Winn-Dixie failed to exercise reasonable care because had the

two store employees she saw after her fall been following store policies and procedures, they would have identified the spill and cleaned it, which could have prevented her fall.

**Discussion**

In order to sustain her burden, plaintiff must prove all of the elements of 9:2800.6(B)(1)-(3); however, defendant has only challenged plaintiff's ability to prove that defendant created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence, and that defendant failed to exercise reasonable care. Thus, defendant's motion for summary judgment does not challenge whether the condition presented an unreasonable risk of harm and whether the harm was reasonably foreseeable.

Plaintiff thus must first prove that defendant either created or had actual or constructive notice of the condition which caused the slip and fall, prior to the accident. Plaintiff argues in her brief that defendant not only created the condition, but it had actual and constructive notice of the condition prior to the accident.   Plaintiff acknowledges that defendant kept rugs in the area where the water sources were located because "customers routinely dropped water from Winn-Dixie's merchandise (vegetables and flowers) on the ground in that area," but argues that by placing the rugs on the ground, defendant *created* the condition that caused plaintiff's injury (rec. doc. 12, p. 5).   Defendant specifically testified that the rugs were placed on the ground in front of the vegetables and flowers to prevent water from dripping onto the floor (rec. doc. 7-6, Exhibit B, p. 58, rec. doc. 12-5, Exhibit D, p. 19).  Between the two parties, the speculations for the source of the water range from customers dripping water to employees watering plants to automatic misting operations.

-8-

Plaintiff also attempts to interpret Clarke's statement that "they [defendant's employees] know better than this" to establish that defendant had actual notice of the condition prior to plaintiff's fall, but she supports her actual notice argument with speculation and conclusory statements like "maybe the water was reported as being on the ground, and they were told to clean it up" (rec. doc. 12, p. 5). However, plaintiff testified in her deposition that no one at Winn-Dixie told her that he saw the water on the floor prior to her fall (rec. doc. 7-5, Exhibit A, p. 35). Additionally, Clarke testified that on the day of the accident, he had been through the produce/floral section several times and only first became aware of the water on the floor when plaintiff pointed it out to him (rec. doc. 7-6, Exhibit B, p. 70). Clarke also testified that no other Winn-Dixie employee told him that he saw the water on the floor prior to plaintiff's fall. Id, at p. 71. Thus, plaintiff has failed to prove that defendant had actual notice of the water on the floor prior to her accident.

Because the plaintiff has failed to prove that defendant created the condition or had actual notice of the condition prior to the slip and fall, plaintiff must prove that defendant had constructive notice of the condition prior to the accident in order to sustain her burden of proof. In order to prove constructive notice, plaintiff must establish the temporal element. The accident occurred at 2:30 p.m. on or around August 1, 2005.

Plaintiff attached her affidavit to her motion for summary judgment in order to establish the temporal element required to prove constructive notice. The affidavit states that "on the date of the accident [plaintiff] proceeded immediately to the aisle where the accident occurred and shopped on that aisle for five minutes before the accident happened" (rec. doc. 12-2, Exhibit A). Plaintiff establishes through her affidavit that no one else was on the aisle with her and no one spilled anything while she was shopping. Id. Defendant

objects to the affidavit as offering testimony contradicting that which was offered in her deposition (rec. doc. 13-2).  However, plaintiff's affidavit does not contradict the testimony in her deposition.[1]  When read together, it appears that plaintiff "walked into the store and went directly to the bread aisle" (as stated in her deposition); she shopped on that aisle for five minutes (as stated in her affidavit), and then proceeded to the produce section, which seems to be part of the same aisle.  The court must accept the plaintiff's statement of the facts and draw all inferences in her favor; therefore, it must accept that plaintiff was shopping on the aisle where the accident occurred for five minutes before she fell and did not see anyone spill any liquid on the floor.

The plaintiff has established through her affidavit and her deposition testimony that a large quantity of liquid was on the floor for a minimum of five minutes. While Clarke testified that it is Winn-Dixie's policy to check each zone hourly on the hour  for spills, he also testified that he kept no record of those checks, and he could not recall when he last walked through the produce section.   Plaintiff has therefore put on sufficient evidence to create an issue of material fact with regard to constructive notice.

Finally, plaintiff must also prove that defendant failed to exercise reasonable care. Whether defendant should have discovered a large spill on the floor for a minimum of five minutes  which was in an area where it is foreseeable that spills occur and also is in an area that employees frequently service is a question of fact for the jury to decide.

---

[1] Plaintiff's affidavit supplements and clarifies her deposition testimony.  The location of the aisle and the area where the plaintiff slipped and fell in the store is poorly explained through plaintiff's deposition, which was taken by the defendant.  The deposition is replete with words like here, there, these, and those to identify and locate objects in relation to the aisle where plaintiff slipped and fell, and the photographs attached to and referenced in the deposition are not marked for the reader's easy reference.

**Conclusion**

Based on the foregoing, it is recommended that defendant's motion for summary judgment (rec. doc. 7) should be **DENIED.**

Signed in Baton Rouge, Louisiana, on July 25, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**


**JACQUELINE THOMPSON**                    **CIVIL ACTION**

**VERSUS**                                 **NUMBER 06-944-RET-DLD**

**WINN-DIXIE  MONTGOMERY,  INC.,  ET
AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with

the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of

this notice to file written objections to the proposed findings of fact and conclusions of law

set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your

right to attack the factual findings on appeal.

**ABSOLUTELY  NO  EXTENSION  OF  TIME  SHALL  BE  GRANTED  TO  FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 25, 2008.


_____

**MAGISTRATE JUDGE DOCIA L. DALBY**